UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Honorable  Patty Shwartz**  
**United States Magistrate Judge**

**U.S. Post Office & Courthouse Bldg.**
**Federal Square, Newark, NJ  07101**
**(973) 645-6596**

May 25, 2007

### LETTER OPINION & ORDER

Barbara J. Watford, pro se
909 Village Dr.
Franklin Park, NJ 08824

**RE: WATFORD V. UNION COUNTY COMMUNITY COLLEGE**
**Civil Action No. 06-5542 (FSH)**

Dear Litigants:

The Court is in receipt of plaintiff Barbara J. Watford's request for appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1), filed on May 1, 2007.   For the reasons set forth below, the plaintiff's request is denied.

### BACKGROUND

On November 20, 2006, plaintiff filed a Complaint alleging that her former employer, Union County Community College, discriminated against her on the basis of her race in violation of Title VII of the Civil Rights Act of 1964.  See Compl. at ¶ 10.  On March 27, 2007, the Hon. Faith S. Hochberg dismissed the case pursuant to Fed. R. Civ. P. 4(m) because the Complaint was defectively served.  See Order, dated March 28, 2007.  On April 25, 2007, Judge Hochberg reopened the plaintiff's case and permitted her to reserve the defendant.  See Order, dated April 25, 2007.

On May 1, 2007, the plaintiff filed this Application for Pro Bono Counsel.  See Docket Entry No. 9.  In her application, plaintiff argues that she is entitled to appointed counsel because: (1) she cannot afford to hire an attorney on her own; and (2) she suffers from physical and emotional ailments that have left her "confused and unable to comprehend at times" and make it difficult to "express... feelings in person and on paper."  See App. for Counsel at ¶ 3-4.

### DISCUSSION

There is no constitutional or statutory right to appointed counsel for indigent civil litigants.  Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  District courts have broad discretion in determining whether the appointment of counsel is appropriate, and must assess each application on a case by case basis.  28 U.S.C. § 1915(d); Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).  In considering a request for appointment of counsel, the Court must first assess the threshold matter of  "...whether the claimant's case has some arguable merit in fact and law."  Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002).  If the applicant satisfies this threshold requirement, then the Court should consider the following factors:

(1) the plaintiff's ability to present his case;
(2) the difficulty of the particular legal issues;
(3) the degree to which factual investigations will be necessary and the ability of the plaintiff to pursue an investigation;
(4) the extent to which a case is likely to turn on credibility determinations;
(5) whether the case will require testimony from expert witnesses; and
(6) the plaintiff's capacity to retain counsel on his own behalf.

Tabron, 6 F.3d at 156-57.  Assuming for the purposes of this application that plaintiff's claims have merit, the Court must apply the Tabron factors to determine if appointed counsel is warranted.

First, the Court must consider whether or not the plaintiff has the ability to present her own case.  Generally, courts consider the plaintiff's education, literacy, prior work experience, prior litigation experience, and other restraints placed upon the plaintiff.  Id. at 156.  Here, although the plaintiff describes certain physical and emotional limitations and contends these limitations made it difficult to self-advocate, the plaintiff was able to draft and file the Complaint, convince Judge Hochberg to permit her to refile and serve the Complaint after it was dismissed, and make the instant application.  These submissions demonstrate that the plaintiff is literate and able to articulate her claims for relief.  Furthermore, any limitations imposed by her health issues can be addressed by setting a schedule that accounts for such issues.

The second factor for consideration is the complexity of the legal issues presented in the case.  The Third Circuit has explained that "where the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis."  Tabron, 6 F.3d at 156 (citing to Maclin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)).  Here, the plaintiff's claims do not present any complex legal issues.  Rather, the plaintiff's Title VII claims arise out of a well developed body of case law.  Moreover, the plaintiff's factual allegations appear straightforward.  Therefore, plaintiff's case does not involve a level of complexity that requires representation by a lawyer.  Accordingly, this factor weighs against the appointment of counsel.

Third, the plaintiff is able to conduct factual investigations using the discovery tools made available to her under the Federal Rules of Civil Procedure.  Montgomery, 294 F.3d at 503.  A review of the documents submitted to the Court demonstrates that the plaintiff understands the facts out of which her claims arise and will be able to conduct discovery to gather additional

evidence. Further, plaintiff has not described any particular challenges to her ability to conduct discovery.  This factor, therefore, militate against appointment of counsel.

 Fourth, the Court must consider whether or not a case is likely to turn on credibility determinations.  Id.  "[W]hen considering this factor, courts should determine whether the case was solely a swearing contest."  See Parham, 126 F.3d at 460.  At this early stage of the litigation, the extent to which this case will rest on credibility determinations is not yet apparent.  Accordingly, this factor militates neither in favor nor against appointing counsel.

 Fifth, the Court may appoint counsel where the case will require expert testimony.  Tabron, 6 F.3d at 156.  The plaintiff's allegation of racial discrimination in the workplace would be understandable to a lay person without the assistance of an expert.  Therefore, expert testimony is not essential to the plaintiff's ability to present his case.  See, e.g., Montgomery, 294 F.3d at 504 (holding "expert testimony is necessary when the seriousness of the injury or illness would not be apparent to a lay person.").  As such, this factor weighs against appointment of counsel.

 Sixth, the plaintiff's inability to afford counsel alone is an insufficient reason to appoint counsel.  Here, the plaintiff has not applied for in forma pauperis status and was apparently able to pay the filing fees.  Montgomery, 294 F.3d at 505; Parham 126 F.3 at 461.  Moreover, besides stating that she cannot afford an attorney on her own, the plaintiff has not provided the Court with any financial records upon which to determine her financial means.  Nonetheless, even if the Court determines that the plaintiff is indigent, indigency alone does not warrant the appointment of counsel absent satisfying the other Tabron factors.

 Finally, the plaintiff has not described any attempt to retain counsel on her own.  Congress enacted statutes such as 42 U.S.C. § 2000e-5(k) to give attorneys incentive to take meritorious civil rights cases.  Cf. Owens-El v. Robinson, 694 F.2d 941, 942-43, 942 n.3 (3d Cir. 1982) (referring to the provision of the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, which provides that, in actions under a number of civil rights statutes, a reasonable attorney's fee may be awarded to the prevailing party at the district court's discretion).  Presumably, having brought an action under Title VII, the plaintiff is in a better position to obtain counsel than a litigant who has not invoked a fee-shifting statute.  The plaintiff has not, however, demonstrated that she attempted to obtain counsel before filing this application.  The failure to provide any evidence of her efforts to obtain counsel weighs against appointment of counsel at this time.

## CONCLUSION

 For the foregoing reasons, the Court denies plaintiff's application for the appointment of pro bono counsel.

                **SO ORDERED.**

                s/Patty Shwartz

                                                United States Magistrate Judge