<u>NOT FOR PUBLICATION</u>

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BARBARA WATFORD, | : | |
| | : | |
| Plaintiff, | : | Hon. Faith S. Hochberg |
| | : | |
| | : | Civil No. 06-5542 (FSH) |
| v. | : | |
| | : | **OPINION & ORDER** |
| UNION COUNTY COLLEGE, et al., | : | |
| | : | Date: February 10, 2009 |
| Defendants. | : | |
| | : | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon a Motion to Dismiss pursuant to Fed. R. Civ. P.

12(b)(1) filed by Defendants New Jersey Education Association and Union County College Staff

Association (collectively, the "Association Defendants") and joined by Defendant Union County

College ("UCC"); and the Court having considered the written submissions of the parties

pursuant to Fed. R. Civ. P. 78; and

it appearing that Plaintiff was formerly employed by Defendant UCC as the Department

Secretary for the Practical Nursing Program; and

it appearing that UCC terminated Plaintiff's employment on or about November 18,

2005; and

it appearing that Plaintiff believes her employment was terminated because of racial

discrimination and retaliation; and

it appearing that Plaintiff subsequently filed suit against UCC on November 20, 2006, alleging a violation of Title VII of the Civil Rights Act of 1964;[1] and

it appearing that Plaintiff amended her Complaint to add claims asserting breach of the duty of fair representation pursuant to Section 301 of the Labor Management Relations Act ("LMRA") against the Association Defendants on June 16, 2008 and November 14, 2008;[2] and

it appearing that Plaintiff's Section 301 claims against the Association Defendants also implicate Defendant UCC because typically "an employee files a claim against the union alleging breach of the duty of fair representation together with a claim against the employer alleging breach of the collective bargaining agreement in a 'hybrid' Section 301/duty of fair representation suit," *see Felice v. Sever*, 985 F.2d 1221, 1226 (3d Cir. 1993);[3] and

it appearing that Defendants contend that this Court does not have subject matter jurisdiction over Plaintiff's Section 301 claims and move to dismiss them on that basis; and

---

[1] Plaintiff had previously exhausted her administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC") on July 20, 2006.  In her charge to the EEOC, Watford alleged that UCC had discriminated against her because of her race and had retaliated against her in a variety of ways.  The Association Defendants were not identified as respondents in Plaintiff's EEOC charge, nor were they investigated in relation to that charge. The EEOC ultimately closed its investigation of Plaintiff's discrimination charges, concluding that the information obtained did not establish a violation of the statute, and issued a notice of right to sue on August 22, 2006.

[2] Section 301 states in pertinent part that "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

[3] As the Third Circuit further explained in *Felice*, "[i]n the 'hybrid' suit, the plaintiff will have to prove that the employer breached the collective bargaining agreement in order to prevail on the breach of duty of fair representation claim against the union, and vice versa."  *Id*. (Citing *United Parcel Serv. Inc. v. Mitchell*, 451 U.S. 56, 6-67 (1981)).

it appearing that a motion to dismiss for lack of subject jurisdiction pursuant to Rule

12(b)(1) may be brought at any time and may either (1) "attack the complaint on its face" or (2)

"attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings,"

*Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977);[4] and

it appearing that Plaintiff's Complaint asserts that subject matter jurisdiction for this case

has been conferred by 42 U.S.C. § 2000e-5; and

it appearing that such provision properly establishes subject matter jurisdiction for

Plaintiff's Title VII discrimination claim against Defendant UCC, but fails to do so for Plaintiff's

breach of the duty of fair representation claims under Section 301 of the LMRA; and

---

[4] A defendant may attack a complaint under Rule 12(b)(1) as either deficient on its face, or as deficient as a matter of fact. *See Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000); *In re Intel Microprocessor Antitrust Litigation*, 452 F. Supp.2d 555, 557 (D. Del. 2006) ("Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the Court's subject matter jurisdiction.").
When a defendant attacks a complaint as deficient on its face, the Court, as in a motion brought pursuant to Rule 12(b)(6), must assume that "the allegations contained in the complaint are true." *New Life Homecare, Inc. v. Blue Cross of Northeastern Pennsylvania*, 2008 WL 423837 at *3-4 (M.D. Pa. 2008) (quoting *Mortensen*, 549 F.2d at 891). In a facial attack, the Court is limited to considering "the allegations in the complaint, the documents referenced in or attached to the complaint, and matters in the public record." *In re Intel*, 452 F. Supp.2d at 557 (citing *Gould Elecs. Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir.2000)). The Court need not convert the 12(b)(1) motion to one for summary judgment "if the plaintiff's claims are based on the documents and the documents are undisputedly authentic." *Id*. (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993)).
When a Court considers an "in fact" challenge under Rule 12(b)(1), the court is not limited to the allegations contained on the face of the complaint. Rather, "the Court may consider evidence outside the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction." *Id*. at 558 (citing *Gotha v. U.S.*, 115 F.3d 176, 179 (3d Cir.1997)); *see also Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000). "When a defendant attacks subject matter jurisdiction 'in fact,' as opposed to an attack on the allegations on the face of the complaint, the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case." *Carpet Group Intern.*, 227 F.3d at 69 (*citing Mortensen*, 549 F.2d at 891). Defendants here challenge Plaintiff's Complaint as deficient on its face.

it appearing that a district court's subject matter jurisdiction for a Section 301 claim

alleging that a union has breached its duty of fair representation is ordinarily established pursuant

to 28 U.S.C. § 1337, which provides "original jurisdiction of any civil action or proceeding

arising under any Act of Congress regulating commerce ... provided that the matter in

controversy exceeds $10,000 exclusive of interests and costs," *see Felice*, 985 F.2d at 1226; and

it appearing that courts have uniformly held that an employee's ability to sue either an

employer or labor union under the LMRA is contingent upon the parties' status as an "employee"

or "employer" under Section 501(3) of the LMRA, 29 U.S.C. § 142(3), *see Manfredi v. Hazleton

City Authority*, 793 F.2d 101, 104 (3d Cir. 1986); *Crilly v. Southeast Pennsylvania Transp. Auth.*,

529 F.2d 1355, 1357 (3d Cir. 1976);[5] and

it appearing that pursuant to these definitions, the LMRA excludes from the definition of

an "employer" subject to the Act "any State or political subdivision thereof;" and

it appearing that, based on this exclusion, district courts lack "subject matter jurisdiction

over a plaintiff's claims that a political subdivision of a state breached a CBA and that a union

breached its duty of fair representation in connection with such a CBA," *Jones v. City of Atlantic*

---

[5] 29 U.S.C. § 142(3) provides that the "terms "commerce," "labor disputes," "employer," "employee," "labor organization," "representative," "person," and "supervisor" shall have the same meaning as when used in subchapter II of this chapter."  In so providing, this section cross-references the definitions of "employee" and "employer" established by Section 2 of the National Labor Relations Act.  Pursuant to that section, codified at 29 U.S.C. § 152, "'employer' includes any person acting as an agent of an employer, directly or indirectly, but shall not include ... any State or political subdivision thereof, ... or any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization;" and "'employee' shall include any employee, and shall not be limited to the employees of a particular employer, unless this subchapter explicitly states otherwise, and shall include any individual whose work has ceased as a consequence of, or in connection with, any current labor dispute or because of any unfair labor practice, and who has not obtained any other regular and substantially equivalent employment...."  29 U.S.C. § 152(2)-(3).

*City, et al.*, 2007 WL 4545898, *2 (D.N.J. 2007); *see also Felice*, 985 F.2d at 1226-27 ("We

have previously held that the term 'employer' ... excludes 'any State or political subdivision

thereof,' and therefore the federal courts lack subject matter jurisdiction over a duty of fair

representation claim brought by an employee of such an entity.") (citations omitted); and

      it appearing that all Defendants fall within the "political subdivision" exception of the

LMRA, as it has been interpreted in this jurisdiction;[6]

---

     [6] Political subdivisions under the LMRA are "entities that are either (1) created directly
by the state, so as to constitute departments or administrative arms of the government, or (2)
administered by individuals who are responsible to public officials or to the general electorate."
*National Labor Relations Board v. Natural Gas Utility District*, 402 U.S. 600, 604-05 (1970).
Union County College was formed by the merger of Union College and the Union County
Technical Institute pursuant to N.J.S.A. 18A:64A-50 *et seq*.  It has been recognized by New
Jersey's Public Employment Relations Commission as a public employer within the meaning of
New Jersey's Public Employer-Employee Relations Act, N.J.S.A. 34:13A-1 *et seq*.  Because
Defendant UCC is a political subdivision of the state of New Jersey, and not, therefore, an
"employer" under Section 301 of the LMRA, persons employed by UCC, such as Plaintiff,
cannot be considered "employees" under the same Act.  As a result, their exclusive
representatives for the purpose of collective bargaining are not subject to the duty of fair
representation set forth by Section 301.  Plaintiff was covered by a collectively negotiated
agreement entered into between the Union County College Board of Trustees and the Association
Defendants.  Because the Association Defendants are the unions that have negotiated collective
bargaining agreements with Defendant UCC, the public entity, Plaintiff cannot establish subject
matter jurisdiction over either.  *Felice*, 985 F.2d at 1227 ("In such a scenario, the absence of
federal jurisdiction over the claim against the employer necessarily means there is no basis for
federal jurisdiction over the employee's unfair representation claim.").

**IT IS** on this 10th day of February, 2009,

**ORDERED** that Defendants' Motion to Dismiss is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims under Section 301 of the LMRA are **DISMISSED**.[7]


**/s/ Faith S. Hochberg**

Hon. Faith S. Hochberg, U.S.D.J.

---

[7] Because the Court finds that there is no federal subject matter jurisdiction over Plaintiff's Section 301 claims, it is not necessary to address Defendants' arguments alleging improper service of process.  It is also unnecessary to address in detail the underlying statute of limitations issues upon which these claims could also have been dismissed.  Although Defendants have not to raised this issue at this time, the Court notes that the statute of limitations for duty of fair representation claims is six months, and that the limitations period begins to run "when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir.1986); *see also Kleinerman v. Chao*, 2006 WL 1949211, *3-4 (D.N.J. 2006).